Citation Nr: 1710354 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 12-10 528 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for a low back disability.

2. Entitlement to service connection for a low back disability.
 
3. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for radiculopathy of the bilateral lower extremities, claimed as secondary to low back disability.

4. Entitlement to service connection for radiculopathy of the bilateral lower extremities, claimed as secondary to low back disability.


REPRESENTATION

Appellant represented by: John Berry, Attorney


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Matthew Miller, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1987 to August 1990.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a July 2010 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas, which declined to reopen the Veteran's claims.

In July 2013, the Veteran presented sworn testimony during a videoconference hearing, which was chaired by the undersigned. A transcript of the hearing has been associated with the Veteran's claims file.

In February 2014, the Board declined to reopen the appellant's claims. In February 2015, the United States Court of Appeals for Veterans Claims (the Court) granted a Joint Motion for Remand (JMR) by counsel for VA and the Veteran. The parties to the JMR agreed that the Board had failed to adequately consider whether the Veteran's lay testimony regarding in-service symptoms and treatment constituted new and material evidence. 

In November 2015, the Veteran's claims were remanded for additional development. The claims have since returned to the Board for further consideration.

The Board acknowledges that the issue of whether new and material evidence has been received to reopen a claim of entitlement to service connection for fibromyalgia has been perfected, but not yet certified to the Board. The Board's review of the claims file, as well as the Veterans Appeals Control and Locator System, reveals that the AOJ is still taking action on this issue. As such, the Board will not accept jurisdiction over it at this time, but it will be the subject of a subsequent Board decision, if otherwise in order.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into account the existence of these electronic records.

The issues of entitlement to service connection for a low back disability and entitlement to service connection for radiculopathy of the bilateral lower extremities, claimed as secondary to low back disability are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In an April 2008 rating decision, the RO denied service connection for a low back disability and bilateral radiculopathy of the lower extremities. The Veteran did not file a timely appeal of that decision and it became final.

2. The evidence received since the April 2008 rating decision became final relates to unestablished facts and raises a reasonable possibility of substantiating the claims for service connection for a low back disability and radiculopathy of the bilateral lower extremities.



CONCLUSIONS OF LAW

1. An April 2008 rating decision denying the claims of entitlement to service connection for a low back disability and radiculopathy of the bilateral lower extremities is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1100 (2015).

2. The evidence received since the April 2008 rating decision is new and material, and the claims of entitlement to service connection for a low back disability and radiculopathy of the bilateral lower extremities are reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

In light of the favorable decision to reopen the Veteran's claims and to remand for further development, a detailed discussion regarding the VCAA is not required. See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015).

Legal Principles

In the current appeal, the Veteran contends that he suffers from a low back disability that was sustained in-service. He additionally asserts that he suffers from radiculopathy of the bilateral lower extremities due to his low back disability. In this regard, review of the claims file shows that service connection for a low back disability and radiculopathy of the bilateral lower extremities was denied by the RO in a decision dated in April 2008. Although the Veteran initially disagreed with the denial of these claims; he failed to perfect his appeals after the issuance of a statement of the case (SOC) in May 2009. See 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.202 (2015). Accordingly, the April 2008 RO decision is final. See 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1100.

A final decision cannot be reopened unless new and material evidence is presented. 38 U.S.C.A. § 5108. The Secretary must reopen a finally disallowed claim when new and material evidence is presented or secured with respect to that claim. Knightly v. Brown, 6 Vet. App. 200 (1994).

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Consideration is not limited to whether the newly submitted evidence relates specifically to the reason the claim was last denied, but instead should include whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the Secretary's duty to assist or through consideration of an alternative theory of entitlement. Id. at 118.

Only evidence presented since the last final denial on any basis (either upon the merits of the case, or upon a previous adjudication that no new and material evidence has been presented) will be evaluated in the context of the entire record. Evans v. Brown, 9 Vet. App. 273 (1996). Furthermore, for the purpose of establishing whether new and material evidence has been received, the credibility of the evidence, but not its weight, is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).

Lastly, service connection requires (1) the existence of a present disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (1995).

Analysis

As noted above, the Veteran's claims of service connection for a low back disability and radiculopathy of the bilateral lower extremities were last previously considered and denied in the April 2008 rating decision. The evidence associated with the Veteran's claims file at the time of the last final denials included, but was not limited to, VA and private treatment records, service treatment records, and the Veteran's statements.

At the time of the April 2008 rating decision, the Veteran contended that he has a low back disability, which was incurred during his military service. See the Veteran's claim dated November 2007. He further asserted that he suffered from radiculopathy of the bilateral lower extremities secondary to the low back disability. Id.

Here, the Veteran's available service records demonstrated active duty service from August 1987 to August 1990 with additional service in the Army National Guard. Service treatment records were pertinently absent any documentation of disabilities of the back or lower extremities.

Post-service treatment records documented the Veteran's complaints of back and leg pain in May 2001. At that time, it was also noted that he had a history of arthritis of his back with muscle weakness. See the private treatment records dated May 2001. A rheumatology consultation note dated October 2001 documented the Veteran's complaint of pain, numbness, and tingling in the arms and legs. He was diagnosed with "painful extremities uncertain cause, probably restless legs and probable mild fibromyalgia." Private treatment records dated October 2002 indicated that the Veteran sustained a work-related injury in April 2002 while lifting boxes; he subsequently developed right low back, buttock, and heel pain. He also had numbness and tingling in his bilateral legs. See the private treatment records dated from 2002. Electromyography (EMG) testing revealed acute bilateral L5 radiculopathy along with lower extremity sensory neuropathy. Id. VA treatment records dated June 2005 documented a continuing diagnosis of low back pain with herniated disc.

As indicated above, the April 2008 RO denials of the pending claims are final. See 38 U.S.C.A. § 7105; 38 C.F.R. §§ 3.104, 20.1100. The Board's inquiry will therefore be directed to the question of whether any additionally received evidence bears directly and substantially upon the specific matters under consideration.

The evidence received since the April 2008 rating decision includes, among other things, testimony before the Board in July 2013, where the Veteran explained that he sought treatment for onset of pain in his legs in connection with his duties performed as a boiler technician, but that no treatment was provided. As detailed in the February 2015 JMR, the Veteran provided additional testimony declaring his belief in the association of his in-service pain with his duties, documented his report of this pain to the doctors performing his separation physical, and competently reported the similarity of the pain experienced in-service with the pain he has continued to experience since that time. The Veteran has since submitted a substantial amount of private medical records pertaining to his treatment for his back, as well as an L5-S1 surgical fusion performed in 2010. Moreover, the Veteran's Social Security Administration records include a finding of disability due to a low back injury. Additional VA treatment records have been added as well. This evidence contributes to a more complete picture surrounding the origin and extent of the Veteran's disabilities. 

Therefore, the Board finds that new and material evidence has been received and the criteria to reopen the Veteran's claim for service connection for a low back disability and radiculopathy of the bilateral lower extremities are met.


ORDER

New and material evidence having been received, the claim of entitlement to service connection for a low back disability is reopened.

New and material evidence having been received, the claim of entitlement to service connection for radiculopathy of the bilateral lower extremities, claimed as secondary to low back disability is reopened.


REMAND

Review of the record reveals that a remand is necessary to ensure that there is a complete record upon which to decide the Veteran's claim. 

The Board has reopened the Veteran's claim for service connection for a low back disability and for radiculopathy of the bilateral lower extremities, claimed as secondary to low back disability, but finds that a VA examination is required before the claim can be decided on the merits.

VA must provide an examination where the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but contains: (1) competent evidence of diagnosed disability or symptoms of disability, (2) establishes an event, injury or disease in-service, and (3) indicates that the claimed disability may be associated with the in-service event, injury, or disease. 38 C.F.R. § 3.159(c)(4) (2015); McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006) (noting that the evidence need only "indicates" that there "may" be a nexus between the current disability or symptoms and active service, including equivocal or non-specific medical evidence or credible lay evidence of continuity of symptomatology).

To date, the Veteran has not been afforded a VA examination to determine the nature and etiology of his claimed low back disability to include whether any radiculopathy would be related. As indicated above, the Veteran testified that he sought treatment for an onset of pain in his legs in connection with his duties performed as a boiler technician, including going up and down the stairs, but no treatment was provided. He also stated that the pain he suffered from while in-service is similar to the pain that he continues to currently experience. 

In support of his claim, the Veteran has also submitted a substantial amount of private medical records documenting the treatment for his back problems. These records indicate that an L5-S1 surgical fusion was performed in 2010. While some of these records indicate that the Veteran's back pain began around 2002 after a work-related injury, the Board finds that this evidence, coupled with the Veteran's consistent complaints of back and leg pain since discharge from service triggers VA's duty to provide an examination. Therefore, on remand, the Veteran should be afforded a VA examination to obtain an etiological opinion on whether a low back disability, to include radiculopathy into the legs had onset in or is related to his service.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature and etiology of his claimed low back disability, to include any radiculopathy that can be identified. The Veteran's claims file should be made available to the examiner and the examiner should indicate that he/she reviewed the file in the examination report.

Following a review of the Veteran's claims file, the examiner must opine as to whether it is at least as likely as not (50 percent or greater possibility) that any low back disability, and as appropriate, any radiculopathy is etiologically related to service or if the radiculopathy is related to the back disorder. The examiner must address the relevance, if any, of the Veteran's medical history, complaints and treatment for back and leg pain, and the subsequent 2010 L5-S1 surgical fusion. The examiner must also address the relevance, if any, of the Veteran's lay statements that his low back pain and leg pain began during service. A complete rationale must be provided for these opinions.

In this regard, the examiner is advised that the Veteran is competent to report an in-service back injury and to describe his symptoms. If there is a medical basis to doubt the history as reported, the examiner should so state.

2. After the development requested has been completed, the AOJ should review any report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures at once. 

3. After completing any additional development deemed necessary, readjudicate the claims. If any benefit requested on appeal is not granted the appellant and his representative should be furnished a supplemental statement of the case, and provided an opportunity to respond. The case should then be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs